# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58304-6-II |
| Respondent, | Linked No. 58347-0-II |
| v. | UNPUBLISHED OPINION |
| PIO AUGUSTINO FAGAAUTAU, | |
| Appellant. | |

CHE, J. — Pio Augustino Fagaautau appeals the trial court's denial of his CrR 7.4 motion to arrest judgment and its denials to reconsider or clarify such motion. However, the motion to arrest judgment was untimely. Additionally, in his briefing on appeal, Fagaautau raises no error with the trial court's decisions that he challenges on appeal. Because Fagaautau's motion was untimely and he raises no arguments related to the appealed decisions, we affirm.

FACTS

In June 2019, a jury found Fagaautau guilty of two counts of second degree child rape. In September 2019, the trial court found the two counts constituted the same criminal conduct and sentenced Fagaautau accordingly.

Fagaautau appealed his convictions and sentence, raising multiple issues unrelated to those he now raises. Our court affirmed Fagaautau's convictions and sentence and issued its mandate on April 13, 2022.

In May 2023, Fagaautau moved to arrest judgment under CrR 7.4 on double jeopardy grounds. He argued that his convictions violated the double jeopardy clause because his two convictions constituted the same offense as they were the same in fact and law. After a hearing on the motion, the trial court denied Fagaautau's motion.

On June 2, Fagaautau moved for reconsideration, raising similar arguments to his original motion. The trial court denied his motion for reconsideration. On June 22, Fagaautau again moved for reconsideration and clarification, raising substantially similar arguments to his first motion for reconsideration. The trial court denied Fagaautau's second motion for reconsideration and clarification.

Fagaautau appeals.

ANALYSIS

Fagaautau appeals the trial court's denial of his motion to arrest judgment and two motions for reconsideration and clarification of the trial court's denial of his motion to arrest judgment.

Review of a trial court's decision denying a motion for arrest of judgment requires the appellate court to engage in the same inquiry as the trial court. *State v. Longshore*, 141 Wn.2d 414, 420, 5 P.3d 1256 (2000). Under CrR 7.4(b), a motion for arrest of judgment must be served and filed within 10 days after the verdict or decision. A trial court may use its discretion to extend the time limit "until such time as judgment is entered." CrR 7.4(b).

Here, Fagaautau filed his motion for arrest of judgment in 2023. The trial court sentenced Fagaautau in 2019. There is no evidence that the trial court granted Fagaautau an extension to file any motion for arrest of judgment, thus Fagaautau's motion was untimely.

Additionally, Fagaautau raises no arguments on appeal to support any alleged error with any of these decisions. Although Fagaautau's underlying motion to arrest judgment centered on an argument that his convictions violated double jeopardy, Fagaautau makes no mention of "double jeopardy" in his brief.

Instead, Fagaautau argues (1) that the trial court lacked jurisdiction beginning at his trial, (2) the charging documents failed to comply with Criminal Rules for Courts of Limited Jurisdiction's rule 2.1's pleading requirements, (3) an arrest warrant was issued without a showing of probable cause, (4) Fagaautau was not promptly informed of his right to counsel, (5) Fagaautau was not given a timely probable cause determination, and (6) the State failed to provide evidence required under *Brady v. Maryland*.[1]

It is not clear how any of these alleged errors relate to the trial court's denial of Fagaautau's motion to arrest judgment based on double jeopardy or the denial of the two reconsideration and clarification motions. And the scope of our review is generally limited to those decisions designated in a notice of appeal, and Fagaautau makes no argument that an exception to this general rule applies. *See* RAP 2.4. Because Fagaautau's motion to arrest judgment was untimely and he assigns no error to the trial court's denial of that motion and its subsequent denial of his two motions for reconsideration and clarification of that decision, we affirm.

---

[1] 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

No. 58304-6-II

CONCLUSION

We affirm the trial court's denial of Fagaautau's motion to arrest judgment and its denials to reconsider or clarify that decision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Maxa, J.

_____
Veljacic, A.C.J.

4